**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEREMY ATWELL, an individual,

          Plaintiff - Appellant,

  v.

CITY OF SURPRISE, a political
subdivision of the State of Arizona,

          Defendant - Appellee.

No. 10-16038

D.C. No. 2:09-cv-01924-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted June 16, 2011[**]
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and SAMMARTINO, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Janis L. Sammartino, United States District Judge for
the Southern District of California, sitting by designation.

Jeremy Atwell appeals the district court's Fed. R. Civ. P. 12(c) judgment on the pleadings in his action under the Americans with Disabilities Act (ADA) against the City of Surprise, which terminated him from his position as a police officer. We affirm.

The district court did not err in dismissing Atwell's First Amended Complaint. The First Amended Complaint sets out Title II of the ADA as the legal basis of Atwell's employment discrimination and retaliation claims. As Atwell has conceded, however, employment discrimination and retaliation claims are not cognizable under Title II of the ADA. *Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1178 (9th Cir. 1999) ("[W]hen viewed as a whole, the text, context and structure of the ADA show unambiguously that Congress did not intend for Title II to apply to employment.").

Additionally, the district court did not abuse its discretion in denying Atwell's request for leave to file a Second Amended Complaint. Atwell should have requested a modification of the district court's scheduling order before he requested leave to file a Second Amended Complaint. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992) (explaining that this court does not view a motion to amend the complaint as a motion to modify the scheduling order). Moreover, even if the court treated the motion to amend the

complaint as a de facto motion to amend the scheduling order, the district court did not abuse its discretion in denying it because Atwell failed to show good cause. *Id.* at 609. Atwell's actions were careless, and this court has held that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

**AFFIRMED**.